UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-61371-BLOOM/Valle

BARBARA WILL,

    Plaintiff,

v.

DORIS WILL, GEORGE WILL,
and HELEN CAREY,

    Defendants.
_____/

## ORDER DENYING LEAVE TO PROCEED
## IN FORMA PAUPERIS AND DISMISSING CASE

**THIS CAUSE** is before the Court upon Plaintiff Barbara Will's Motion for Leave to Proceed *in Forma Pauperis*, ECF No. [3] (the "IFP Motion"). Plaintiff filed this Action against Doris Will, George Will, and Helen Carey (collectively "Defendants") on May 31, 2019. *See* Compl., ECF No. [1] ("Complaint"). For the reasons stated below, the Motion is denied and the above-styled action is dismissed.

Plaintiff, a *pro se* litigant, has not paid the required filing fee and, therefore, the screening provisions of 28 U.S.C. § 1915(e) are applicable. Pursuant to that statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). Even under the relaxed pleading standard afforded to *pro se* litigants, *see Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005), Plaintiff's Complaint fails.

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Further, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912–13 (11th Cir. 2006) (footnote call numbers and citations omitted). This is because federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410.

Plaintiff's appears to allege in her Complaint that Defendants stole property, including a duplex, a house, three cars, cash, jewelry, and clothes, from Plaintiff's deceased grandmother. Plaintiff's Complaint does not assert a basis for this Court's jurisdiction.

Title 28 U.S.C. § 1332(a) vests a district court with subject matter jurisdiction when the

parties are diverse and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). With respect to diversity of citizenship cases under 28 U.S.C. § 1332(a), subject matter jurisdiction exists only where there is *complete* diversity; all plaintiffs must be diverse from all defendants. *See, e.g.*, *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1337 (11th Cir. 2002). Here, Plaintiff has not alleged facts to demonstrate the citizenship of Plaintiff or any of the Defendants. Accordingly, the Court cannot conclude that complete diversity exists. As for Federal question jurisdiction, Plaintiff's Complaint does not identify a federal statute, federal treaty, or provision of the United States Constitution that is at issue in this case. Plaintiff's allegations concerning the theft of property from her grandmother do not give rise to a federal cause of action that would confer jurisdiction upon this Court.

Plaintiff has failed to set forth an adequate basis upon the facts alleged for the Court to exercise jurisdiction in this case. Consequently, the Court is "powerless" to proceed, and the above-styled case is due to be dismissed.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's IFP Motion, **ECF No. [3],** is **DENIED.**

2. The Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE.**

3. The Clerk is instructed to **CLOSE** this case.

4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED** as moot, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 31, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record